UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUN 2 8 2013
CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, AND
RUBEN IRABURO, individually and
on behalf of all others similarly situated   :
                                              :   No. 13-2169
Plaintiffs,                                   :
                                              :
v.                                            :
                                              :   **NOTICE AND PETITION FOR**
O.K. FOODS, INC. and                          :   **REMOVAL OF A CIVIL ACTION**
O.K. INDUSTRIES, INC.                         :   **FROM THE CIRCUIT COURT OF**
                                              :   **SEBASTIAN COUNTY**
Defendants.                                   :

Defendants O.K. Foods, Inc. and O.K. Industries, Inc. (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1446 and 1453 respectfully submit this notice and petition for removal of a case from the Circuit Court of Sebastian County, Fort Smith District Civil Division bearing Docket No. CV-13554(I), and as grounds for this removal state as follows:

### I. FACTUAL BACKGROUND

1.      On or about May 30, 2013, Plaintiffs Ana Melgar, Phaythoune Phengsouvanavong and Ruben Iraburo ("Plaintiffs") filed a civil action in the Circuit Court of Sebastian County, Fort Smith District Civil Division bearing Docket No. CV-13554(I) entitled <u>Ana Melgar, et al. v. O.K. Foods, Inc., et al.</u> A true copy of the Civil Cover Sheet and Complaint are annexed hereto as **Exhibit "A"**. This document constitutes all pleadings and process served upon Defendants in this action. **Exhibit "A"** was the initial pleading served upon Defendants setting forth the claims upon which Plaintiffs' action is based.

2.          Plaintiffs first attempted service of this action on either Defendant on May 31, 2013, which was either Defendant's first notice of the lawsuit. See Declaration of Gary Potts ("Potts Dec."), attached hereto as **Exhibit "B"** at ¶ 8.

3.          Defendants have affected removal within thirty (30) days of receipt by them of a paper from which it could first be ascertained that this action is removable under the provisions of 28 U.S.C. § 1446(b).

4.          Defendants have not filed an answer or other pleading in the Circuit Court of Sebastian County, Fort Smith District Civil Division.

5.          Plaintiffs are each individually residents of Fort Smith, Arkansas and are citizens of the State of Arkansas. See Complaint, ¶¶ 1-3.

6.          Defendants are incorporated in the state of Arkansas, and maintain their principal places of business in the state of Arkansas. See Complaint, ¶¶ 4-5.

7.          Plaintiffs' Complaint was filed as a class action under Rule 23 of the Arkansas Rules of Civil Procedure. See Complaint, ¶¶ 1, 36.

8.          Plaintiffs bring their class action on behalf of themselves and all hourly production employees at O.K. Foods, Inc.'s Fort Smith food processing and manufacturing plant (the "Reed Lane Facility") for wages owed, liquidated damages, and attorneys' fees and costs under the Arkansas Minimum Wage Act ("AMWA"), common law, unjust enrichment, and breach of implied contract. See Complaint, Introduction.

9.          Plaintiffs claim they and all other putative class members "are not paid for approximately six to seven hours per week they spend working." See Complaint, Introduction, ¶¶ 29, 33.

10.     Plaintiffs seek to recover the alleged off-the-clock time "at a rate not less than one and one-half times their regular rate of pay." See Complaint, ¶ 31.

11.     Plaintiffs also allege state law unjust enrichment and breach of contract claims in an attempt to recover for any alleged off-the-clock time at employees' "straight time" hourly rates. See Complaint, Claims II and III.

12.     Plaintiffs claim that "approximately 1500 persons are currently employed at the Reed Lane Facility as hourly, nonexempt employees. An unknown number of former employees are also included as putative class members." See Complaint, ¶ 37.

13.     Currently there are 1,580 hourly paid, nonexempt individuals employed at the Reed Lane Facility. Potts Dec. at ¶ 4.

14.     In June 2012, there were approximately 1,525 hourly paid, nonexempt individuals employed at the Reed Lane Facility facility. *Id.*

15.     In June 2011, there were approximately 1,579 hourly paid, nonexempt individuals employed at the Reed Lane Facility, and in April 2010, there were approximately 1,452 hourly paid, nonexempt individuals employed at the Reed Lane Facility. *Id.*

16.     If the term "production employees" is defined to exclude maintenance employees, refrigeration employees, supply employees, shipping and receiving employees, quality control employees, and janitorial employees, the remaining hourly, nonexempt production employees currently working at the Fort Smith facility would number approximately 1,320. *Id.*

17.     In addition to the current number of employees working at the Reed Lane Facility, approximately 3,131 former hourly paid, nonexempt employees have worked at this facility since April 2010. *Id.*

3

18. Approximately 2,669 of these employees were employed in positions not including maintenance, refrigeration, supply, shipping and receiving, quality control, and janitorial positions. *Id.*

19. During the past three years, the lowest pay rate paid to any Fort Smith hourly, nonexempt "production" (as defined in paragraph 17 above) employee was $7.25 per hour. *Id.* at ¶ 5.

20. The highest pay rate paid to any hourly, nonexempt production employee was $12.97 per hour. *Id.*

21. At the lowest straight time (nonovertime) pay rate provided to employees at any time during the past three years, six hours per week would represent $43.50 per week per employee. *Id.* at ¶ 6.

22. Given that the number of current hourly, nonexempt production employees (as defined above to exclude maintenance, refrigeration, supply, shipping and receiving, quality control, and janitorial employees) represents 1,320 employees, a claim that such employees are owed $43.50 per week would represent $57,420 per week, $2,871,000 per year (assuming 50 workweeks per year), and $8,613,000 over a three-year period. *Id.*

23. Employees with one to two years of service are entitled to one week of vacation per year. Approximately 52 percent of current employees have been employed for two years or less. *Id.* at ¶ 9.

24. The Reed Lane Facility is located approximately four driving or approximately two miles across the Arkansas River from the Oklahoma border. *Id.* at ¶ 7.

25. The Reed Lane Facility currently employs numerous hourly, nonexempt production employees who reside outside of Arkansas. *Id.*

26.     Additionally, the number of former employees described above have provided last known addresses representing more than 20 states, in addition to Arkansas. *Id.*

27.     Many former employees currently reside at an address that is presently unknown to O.K. Foods. *Id.*

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(d), THE CLASS ACTION FAIRNESS ACT ("CAFA")

The Class Action Fairness Act of 2005 ("CAFA") grants district courts original subject matter jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B). A defendant seeking removal on grounds of CAFA jurisdiction must prove the jurisdictional elements by a preponderance of the evidence. Bell v. Hershey Co., 557 F.3d 953, 957 (8th Cir. 2009). All of the elements required to establish original subject matter jurisdiction over this action under CAFA are satisfied.

### A. There Is Minimal Diversity.

In order to meet the "minimal diversity" required by CAFA, any member of a class of plaintiffs must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). Here, many of the putative class members are citizens of different states from Defendants. Defendants are incorporated in the state of Arkansas and maintain their principal places of business in the state of Arkansas. See Complaint, ¶¶ 4-5. Accordingly, they are citizens of the State of Arkansas. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any

State by which it has been incorporated and of the State where it has its principal place of business.").

Some of the putative class members are residents of states other than Arkansas, including most notably Oklahoma. Defendants' Fort Smith, Arkansas facility where the putative class members work or worked is approximately four driving or approximately two miles across the Arkansas River from the Oklahoma border. *See* Factual Background at ¶ 4  The Reed Lane facility currently employs numerous hourly, nonexempt production employees who reside outside of Arkansas. *Id* at ¶ 25. Additionally, the former "production" employees have provided last known addresses representing more than 20 states, in addition to Arkansas. *Id* at ¶ 26. In addition, many former employees currently reside at an address that is presently unknown to O.K. Foods. *Id.* at ¶ 27. Because many putative class members reside in states other than Arkansas, they are "citizens" of those states. Accordingly, the "minimal diversity" required under CAFA is established in this case.

### B. The Matter In Controversy Is More Than $5,000,000, Exclusive of Interest and Costs.

The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. While Defendants are not required to prove an actual damage amount in order to establish the amount in controversy exceeds $5,000,000, they must provide the Court with factual evidence from which the Court can conclude whether or not the jurisdictional amount is met. Bell, 557 F.3d at 959 ("Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.'") (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). "Under the preponderance standard, the jurisdictional fact . . . is not whether the damages *are*

greater than the requisite amount, but whether a fact finder *might* legally conclude that they are. Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 944 (8th Cir. 2012)."

Here, Defendants provide the Court with factual evidence well beyond "mere speculation or conjecture" from which the Court can conclude whether that the amount in controversy clearly exceeds $5,000,000. Defendants' calculation is based on the actual number of "production employees" O.K. Foods has employed in only "production" departments over the last three years. *See* Factual Background at ¶ 16. Defendants' calculation is likewise based on the number of hours Plaintiffs allege they are owed, which is the basis for the amount in controversy. *Id.* at ¶ 21. Defendants' calculation assumes the lowest possibly applicable wage rate, which is significantly lower than the amount many putative class members actually earn. *Id.* at ¶¶ 19-21. Defendants' calculation assumes that every putative class member took two weeks of vacation each of the last three years, which is more time than the majority of employees are entitled to. *Id.* at ¶¶ 22-23.

Plaintiffs are seeking six to seven hours per week, at overtime rates (time and one-half) for a class that consists of approximately 1,320 current employees. *Id.* at ¶¶ 9-10. Even at the lowest straight time pay rate of $7.25 per hour, Plaintiffs are asserting claims that total in excess of $8 million. *Id.* at ¶ 22. Plaintiffs are additionally asserting that some or all of their damages would be at overtime rates which would represent an even larger claim for damages. *Id.* at ¶ 10. Additionally, Plaintiffs are asserting that they would be entitled to an equal amount of liquidated damages which would represent at least $16 million when combined with asserted actual damages. *Id.* at ¶ 8. Plaintiffs also allege state law unjust enrichment and breach of contract claims in an attempt to recover for any alleged off-the-clock time at employees' "straight time" hourly rates. *Id.* at ¶ 11. While Defendants dispute that Plaintiffs will ultimately prove they are

entitled to any additional compensation, there can be no doubt that Plaintiffs' Complaint seeks damages exceeding $5 million by a substantial margin.

Accordingly, CAFA's "amount in controversy" element is satisfied.

### C. The Proposed Class Is Greater Than 100 Members

Plaintiffs affirmatively allege in the Complaint that that "approximately 1500 persons are currently employed at the facility as hourly, nonexempt employees. An unknown number of former employees are also included as putative class members." See Complaint, ¶ 37. Plaintiff's proposed class includes "all hourly production employees." The actual number of current and former hourly, nonexempt production employees that have worked for O.K. Foods at the Reed Lane facility that are putative class members is approximately 3,989 (1,320 current employees and 2,669 former employees). See Factual Background at ¶¶ 18, 22. This number of current and former employees in the putative class for the past three years does not include employees in non-production departments such as Maintenance, Refrigeration, Janitorial, Supply, and Shipping and Receiving. Id. at ¶ 18. Accordingly, Defendants have shown by a preponderance of the evidence that there is a potential class of at least 100 members.

### D. This Matter Is A "Class Action."

The CAFA defines a "class action" as

> **(B)** the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action

28 U.S.C. § 1332(d)(1)(B). This matter constitutes a "class action." The Complaint was filed as a class action under Rule 23 of the Arkansas Rules of Civil Procedure. See Complaint, ¶¶ 1, 36. Plaintiffs have sought to affirmatively allege the elements of class action certification and have specifically pled a class of production employees at the Reed Lane facility. Id. at ¶ 7.

### III. CONCLUSION

There is no uncertainty about the potential size of the class or the amount in controversy in this case. Defendants have shown by a preponderance of the evidence that there is a potential class of at least 100 members and a controversy worth more than the jurisdictional minimum. Defendants have established the necessary jurisdictional elements to assert federal jurisdiction under CAFA. For this reason, this Court has original jurisdiction over Plaintiffs' claims by virtue of the CAFA this case should be removed to this Court.

The Fort Smith District of Sebastian County, Arkansas, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the Western District of Arkansas. Therefore, venue is proper in this Court. Defendants submit this notice and petition without waiving any defenses to the claims asserted by Plaintiffs or conceding Plaintiffs have pleaded claims upon which relief may be granted. Upon filing this Notice of Removal, Defendants will provide a written notification to Plaintiffs and will file a Notification of Removal with the clerk of the Court of Sebastian County, Fort Smith District Civil Division. As required by 28 U.S.C. § 1446(d), a true and correct copy of the Notification of Removal is attached hereto as **Exhibit "C"**.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Sebastian County, Fort Smith District Civil Division, be removed to the United States District Court for the Western District of Arkansas.

                Respectfully submitted,
                O.K. FOODS, INC.
                O.K. INDUSTRIES, INC.

By: /s/ Don A. Smith
Don A. Smith, ABA#62026
Smith, Cohen & Horan, PLC
1206 Garrison Ave.
Post Office Box 10205
Fort Smith, AR 72917-0205
Phone: (479) 782-1001
Fax: (479) 782-1279

D. Christopher Lauderdale *(to be admitted pro hac vice)*
South Carolina Bar No. 064221
JACKSON LEWIS, LLP
One Liberty Square 55 Beattie Place, Suite 800
Greenville, SC 29601
Phone: (864) 232-7000
Fax: (864) 235-1381

Eric R. Magnus *(to be admitted pro hac vice)*
Georgia Bar No. 801405
JACKSON LEWIS, LLP
1155 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309-3600
Phone: (404) 525-8200
Fax: (404) 525-1173
magnuse@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

Dated: June 28, 2013

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

ANA MELGAR, PHAYTHOUNE  
PHENGSOUVANAVONG, AND  
RUBEN IRABURO, individually and  
on behalf of all others similarly situated

:

Plaintiffs,

No. _13-2169_

v.

O.K. FOODS, INC. and  
O.K. INDUSTRIES, INC.

Defendants.

I hereby certify that a true and correct copy of Defendants' notice of filing of a petition for removal and this certificate of service were served upon Plaintiffs' counsel, by sending said documents, via first class mail to the following counsel of record, on this 28th day of June, 2013.

| | | |
|---|---|---|
| Stephen Sharum | Gary Udouj | John T. Holleman |
| SHARUM LAW FIRM | GARY W. UDOUJ, P.A. | Maryna O. Jackson |
| P.O. Box 1951 | 5 Court Street | Timothy A. Steadman |
| Fort Smith, AR 72902 | P.O. Box 2102 | HOLLEMAN & ASSOCIATES, P.A. |
| | Fort Smith, AR 72902 | 1008 West Second St. |
| | | Little Rock, AR 72201 |

_____  
Don A. Smith, Esq.

4818-8702-9524, v. 2