# EXHIBIT "A"

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, SMITH DIST.
FORT SMITH DISTRICT
CIVIL DIVISION

FILED

2013 MAY 30  PM 12 03

Duchall
CIRCUIT CLERK SEB. CO.

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated                    **PLAINTIFFS**

v.                               Case No. CV·13·554    (I)

O.K. FOODS, INC. and
O.K INDUSTRIES, INC.                                          **DEFENDANTS**

### CLASS ACTION COMPLAINT

Comes now Plaintiffs, Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo,

and for their class action complaint state:

#### I. INTRODUCTION

This is a class action for wages owed. Plaintiffs are hourly production employees at O.K.

Foods, Inc.'s Fort Smith food processing and manufacturing plant (the "Reed Lane Facility").

OK's employees are not paid for approximately six to seven hours per week they spend working,

and they bring this class action to receive the wages they are owed.

Each day, OK's employees arrive at work and access the facility by swiping an employee

identification card. Employees then travel to a supply room where they are issued other

protective equipment, such as a hairnet, gloves, apron, and smock. Some employees also must

spend around ten minutes dipping their hands in a hot wax substance and wrapping their hands.

After donning this protective equipment, the employees travel to their work station and wait for

the production line to start. Once the line starts, the employees begin receiving pay. At the end of

the day, the employees stop getting paid when the production line stops, even though they have

to doff their protective gear before going home. Employees are also forced to take two unpaid



breaks every day, but they spend the vast majority of that break time doffing their used protective equipment, waiting to receive a new set of equipment, and donning the new equipment before returning to the line.

OK's policies violate Arkansas law. An employer must pay employees for all hours they work, and it must pay overtime for any hours worked over 40. The time spent dipping, wrapping, donning, doffing, walking, and waiting are hours worked. OK is also required to pay employees during thirty minute breaks because they are not completely relieved from duties and are unable to use the break time effectively for their own purposes. Plaintiffs bring this claim on behalf of themselves and all hourly production employees for wages owed, liquidated damages, and attorneys' fees and costs under the Arkansas Minimum Wage Act ("AMWA"), common law unjust enrichment, and breach of implied contract.

II. Jurisdiction, Venue, and Parties

1.      Plaintiff Ana Melgar is a resident of Fort Smith, Sebastian County, Arkansas, and is a citizen of the State of Arkansas. She has been employed by Defendants at the Reed Lane Facility since April 25, 2012, as a production employee. At all relevant times, Melgar has been classified as an hourly employee and non-exempt from the overtime requirements of the AMWA.

2.      Plaintiff Phaythoune Phengsouvanavong is a resident of Fort Smith, Sebastian County, Arkansas, and is a citizen of the State of Arkansas. She has been employed by Defendants at the Reed Lane Facility since June 10, 1980, as a production employee. At all relevant times, Phengsouvanavong has been classified as an hourly employee and non-exempt from the overtime requirements of the AMWA.

3.      Plaintiff Ruben Iraburo is a resident of Fort Smith, Sebastian County, Arkansas,

2

and is a citizen of the State of Arkansas. He has been employed by Defendants at the Reed Lane Facility since June 7, 1994, as a production employee. At all relevant times, Iraburo has been classified as an hourly employee and non-exempt from the overtime requirements of the AMWA.

4.      Defendant OK Foods, Inc. is an Arkansas corporation with its principal place of business in Arkansas. At all relevant times, OK Foods, Inc. was an "employer of the Named Plaintiffs and members of the putative class, as defined by Ark. Code Ann. § 11-4-203(4). OK Foods may be served through its registered agent, Ronald Brown at 4601 North 6th Street, Fort Smith, Arkansas 72904.

5.      Defendant OK Industries, Inc is an Arkansas corporation with its principal place of business in Arkansas. OK Industries, Inc. is the parent company of OK Foods, Inc. At all relevant times, OK Industries, Inc. was an "employer" of Named Plaintiffs and members of the putative Class, as defined by Ark. Code Ann. § 11-4-203(4). OK Industries can be served through its registered agent, Capitol Corporate Services, Inc. 300 S Spring St. Suite 900, Little Rock, Arkansas 72201.

### III. FACTUAL ALLEGATIONS

6.      Named Plaintiffs and members of the putative class are employed as production employees at Defendants' chicken processing plant at 3900 Reed Lane in Fort Smith, Arkansas ("Reed Lane Facility").

7.      Defendants process chickens and produce chicken products at the Reed Lane Facility. Live chickens are received in trucks from a subsidiary, OK Farms, Inc., and staged in a holding shed before being slaughtered. After slaughtering, the birds are picked, eviscerated, and chilled. After chilling, the birds are cut into predetermined pieces. For example, wings and legs

3

are packaged and delivered for sales, while the breast section is deboned and used to manufacture a variety of chicken breast products.

8.     Named Plaintiffs and members of the putative class work as production employees at the Reed Lane Facility. Plaintiffs and members of the putative class have a variety of job titles and production duties, but all are involved in the processing of chicken and manufacture of chicken products.

9.     Regardless of the employee's job title and specific duties, each hourly OK Foods employee is required to don and doff protective equipment at the beginning and end of the work day and during unpaid breaks, and to travel to and from their workstations wearing protective equipment.

10.     The wearing of protective equipment is done for OK's benefit, and it is an integral and indispensible part of the jobs performed by OK's employees.

11.     OK does not pay its employees for the time they spend donning and doffing protective equipment, nor does it pay them to walk to and from their workstations while wearing the protective equipment.

12.     Named Plaintiffs and members of the putative class are required to arrive at the facility approximately one hour before the production line starts.

13.     Upon arriving at work, Named Plaintiffs and members of the putative class swipe a security card at the gate. They then proceed to their lockers to store their lunch.

14.     After Named Plaintiffs and members of the putative class put away their lunch, they walk to a supply room where they are issued specialized protective gear, including hairnets, gloves, aprons, glove liners, ear plugs, and smocks. The employees are required to don this protective gear before travelling to the production line.

4

15.    Named Plaintiffs and members of the putative class are required to don the protective gear for OK's benefit, and the wearing of such protective gear is an integral and indispensible part of the jobs performed by Named Plaintiffs and members of the putative class.

16.    Depending on their job duties, Named Plaintiffs and members of the putative Class are also required to visit a nurse's station to dip their hands in a hot wax substance and wrap their hands.

17.    The process of dipping and wrapping takes approximately 10 minutes.

18.    The dipping and wrapping is done for OK's benefit, and it is an integral and indispensible part of the jobs performed by Named Plaintiffs and members of the putative class.

19.    After donning their protective gear, and dipping and waxing if necessary, Named Plaintiffs and members of the putative class wash and sanitize their hands and travel to their work stations to wait for the production line starts.

20.    Named Plaintiffs and members of the putative class do not begin receiving pay until the production line begins running.

21.    During the workday, Named Plaintiffs and members of the putative class are required to take two unpaid 30 minute breaks.

22.    Because Named Plaintiffs and members of the putative class must doff their dirty protective gear, wait in the supply line, and don new protective gear during these breaks, they are not able to effectively use the time for their own purposes.

23.    Named Plaintiffs and members of the putative class typically have only ten to twelve minutes of the unpaid break – less than half of the meal period – to use for their own purposes.

5

24.     Because Named Plaintiffs and members of the putative class must don and doff their protective gear during these breaks, they are not completely relieved of all duties during their breaks as required by the AMWA.

25.     Once the production line stops running, Named Plaintiffs and members of the putative class stop receiving pay for the day.

26.     After the production line stops, Named Plaintiffs and members of the putative class are required to return to the supply room to turn back in their protective gear.

27.     After turning in the protective gear, Named Plaintiffs and members of the putative class are allowed to leave for the day.

28.     Named Plaintiffs and members of the putative class frequently are paid for 40 hours or more each week, a total that does not include the time spent waxing, wrapping, donning, doffing, walking, and waiting.

29.     Named Plaintiffs and members of the putative class spend approximately six to seven hours per week dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their work station, and waiting for the production line to begin. Named Plaintiffs are not paid for any of this time.

30.     Named Plaintiffs and members of the putative class are entitled to compensation for all hours worked, including the time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their work station, and waiting for the production line to begin.

31.     Named Plaintiffs and members of the putative class are entitled to compensation for all hours worked in excess of 40 hours per week at a rate not less than one and one-half (1 1/2) times their regular rate of pay.

6

32.     Defendants have willfully failed to comply with this requirement and have failed to compensate Named Plaintiffs and members of the putative class for overtime work as required by the AMWA.

33.     On average, Named Plaintiffs and members of the putative Class spend six to seven hours per week dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their work station, and waiting for the production line to begin.

34.     Defendants knew or should have known that they were violating the Arkansas Minimum Wage Act by refusing to pay Plaintiffs and members of the putative class for their time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their workstations, and waiting for the production line to begin. Defendants' actions are willful.

IV. CLASS ACTION ALLEGATIONS

35.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

36.     Named Plaintiffs bring this action for violation of the AMWA as a class action under Rule 23 of the *Arkansas Rules of Civil Procedure*.

37.     Members of the putative Class are so numerous that joinder of all such members is impracticable. The exact size of the putative class is unknown, but may be determined from records maintained by OK. Upon information and belief, approximately 1500 persons are currently employed at the facility as hourly, nonexempt employees. An unknown number of former employees are also included as putative class members.

7

38.     There are common questions of law and fact applicable to the putative Class. Common questions of law and fact include, but are not limited to:

a.     the compensability of time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their work station, and waiting for the production line to begin;

b.     whether injunctive relief is available to force Defendants into compliance with the Arkansas Minimum Wage Act;

c.     whether Defendants have acted willfully or in good faith;

d.     whether Named Plaintiffs and members of the putative class are entitled to liquidated damages, penalties and attorney's fees and costs;

e.     whether Defendants have complied with their record-keeping obligations under the AMWA;

f.     whether Defendants have been unjustly enriched at the expense of Named Plaintiffs and members of the putative class;

g.     Whether Defendants have an implied contractual obligation to pay Named Plaintiffs and members of the putative class for all hours worked; and

h.     Whether Defendants breached that obligation by failing to pay Named Plaintiffs and members of the putative class for time spent waxing, wrapping, donning, doffing, walking, and waiting.

39.     Named Plaintiffs are typical of the putative class. Like other putative class members, they are and have been subjected to OK's common policy and practice of not paying its hourly, non-exempt employees for all compensable work to which they were entitled under Arkansas law.

8

40.     Named Plaintiffs will fairly and adequately protect the interest of the putative class. They have no conflicts with the putative class and have suffered the exact same injury. Their counsel possesses the requisite resources and experience in class-action litigation.

41.     The questions of law and fact common to the Named Plaintiffs and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### V. CLAIM I: VIOLATIONS OF THE ARKANSAS MINIMUM WAGE ACT (DONNING AND DOFFING)

42.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

43.     At all relevant times, Named Plaintiffs and members of the putative Class have been entitled to the rights, protection and benefits provided under the AMWA.

44.     At all relevant times, Named Plaintiffs and members of the putative Class have been "employees" of OK Foods, Inc., and OK Industries, Inc., as defined by Ark. Code Ann. § 11-4-203(3).

45.     At all relevant times, OK Foods, Inc., and OK Industries, Inc., were "employers" of Named Plaintiffs and members of the putative class, as defined by Ark. Code Ann. § 11-4-203(4).

46.     Ark. Code Ann. § 11-4-211(a) provides that "no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed."

9

47.     Named Plaintiffs and members of the putative Class are entitled to compensation for all hours worked in excess of 40 per week at a rate not less than one and one half times their regular rate of pay.

48.     At all relevant times, Defendants failed and refused to compensate Plaintiffs for work performed at the rate required by Ark. Code Ann. § 11-4-211.

49.     Defendants have violated and continue to violate the AMWA by failing to pay Plaintiffs for all hours actually worked at the rate prescribed therein.

50.     Defendants have failed and continue to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ark. Code Ann. § 11-4-217.

51.     Defendants have willfully violated and continue to violate the above provisions by failing to pay their employees one-and-one-half time the regular rate of hourly pay for all hours worked in excess of 40 hours.

52.     Defendants' violations entitle Named Plaintiffs and members of the putative class to compensatory damages calculated as the full amount of wages owed less the amount of wages actually received.

53.     Defendants' violations entitle Named Plaintiffs and members of the putative class to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) of an amount equal to compensatory damages.

54.     Named Plaintiffs and members of the putative Class are entitled to an award of their attorney's fees and court costs pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

10

VI. CLAIM II: UNJUST ENRICHMENT
(DONNING AND DOFFING)

55.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

56.     At all relevant times, Named Plaintiffs and members of the putative class provided services to Defendants by dipping and wrapping their hands, donning and doffing protective gear, and traveling to their work stations. Defendants have and continue to directly receive the benefits of such services.

57.     At all relevant times, Named Plaintiffs and members of the putative class reasonably expected to be paid their regular hourly rate for all hours worked for Defendants.

58.     At all relevant times, Defendants were aware that Named Plaintiffs and members of the putative class expected to be paid their regular hourly rate for all hours worked.

59.     By accepting the services of Named Plaintiffs and members of the putative class and failing to pay for them, Defendants were unjustly enriched at the expense of Named Plaintiffs and members of the putative class.

60.     Defendants benefited from the services of Named Plaintiffs, and it would be unfair, unjust, and inequitable to allow Defendant to retain those benefits without paying for them.

61.     Named Plaintiffs and members of the putative class are entitled to recover damages resulting from Defendants' common policy and practice of not paying them for all hours worked at their regular rate of pay, and at one-and-a-half times the regular rate of pay for any unpaid overtime hours.

11

## VII. Claim III: Breach of Implied Contract
## (Donning and Doffing)

62.    Named Plaintiffs and members of the putative class have an implied contract with Defendants, who are their employers.

63.    As part of the implied contract, Defendants agreed to pay Named Plaintiffs and members of the putative class for all hours they worked at their regular rate of pay, and to pay hours over forty at one-and-a-half times the regular rate.

64.    OK Foods breached the implied contract by failing or refusing to pay Named Plaintiffs and members of the putative class for the time spent waxing, wrapping, donning, doffing, walking, and waiting.

65.    As a result of OK Foods breach, Named Plaintiffs and members of the putative class have suffered compensatory damages in the form of unpaid wages. Named Plaintiffs and members of the putative class are entitled to receive payment for all hours worked at their regular rate of pay, and at one-and-a-half times the regular rate of pay for any unpaid overtime hours.

## VIII. Prayer for Relief and Jury Demand

WHEREFORE, Named Plaintiffs, on behalf of themselves and all members of the putative class, respectfully request this Court:

a.    Certify this action as a class action pursuant to Rule 23, with the class defined as:

All hourly, nonexempt production employees who were, are, or will be employed at Defendants' Fort Smith production facility at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action.

b.    Designate the Named Plaintiffs as representatives of the Class;

c.    Designate Holleman & Associates, P.A., Gary W. Udouj, P.A., and Steve Sharum Law Firm as class counsel.

12

d.    Enter a declaratory judgment that the practices complained of herein are unlawful under Arkansas law;

e.    Enter a permanent injunction restraining and prevent Defendants from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Arkansas Minimum Wage Act; .

f.    Enter an Order for complete and accurate accounting of all the compensation to which Named Plaintiffs and members of the putative class are entitled;

g.    Award Named Plaintiffs and putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rates from a period from three (3) years prior to this lawsuit through the date of trial;

h.    Award Named Plaintiffs and putative class members liquidated damages in an amount equal to their compensatory damages;

i.    Award Named Plaintiffs all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action, together with all applicable interest, and

j.    Grant Plaintiffs all such further relief as the Court deems just and appropriate.

k.    Named Plaintiffs demand a jury trial on all issues so triable.

*[Signature Page to Complaint against O.K. Foods, Inc. et al.]*

Respectfully submitted
this 30th day of May, 2013,

By: _____

Stephen Sharum  - AR Bar #73107
SHARUM LAW FIRM
P.O. Box 1951
Fort Smith, Arkansas 72902
Tel. 479.785.0123
Fax 479.782.8445

*and*

Gary Udouj - AR Bar #84151
GARY W. UDOUJ, P.A.
5 Court Street
P.O. Box 2102
Fort Smith, Arkansas 72902
Tel. 479.782.5400
Fax 479.782.8445

*and*

John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson - AR Bar #2009111
maryna@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041

14



System i Access for Web

My Home Page

**Print**

**5250**

Active sessions
Configured sessions
Start session

**Related Links:**
System i Access for Web
System i Access
System i Navigator
i5/OS Information Center
System i Resource Center

| F1 | F2 | F3 | F4 | F5 | F6 | F7 | F8 | F9 | F10 | F11 | F12 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| F13 | F14 | F15 | F16 | F17 | F18 | F19 | F20 | F21 | F22 | F23 | F24 |

```
6/26/13              DOCKET SHEET NARRATIVE INQUIRY          PGM: CCI218I
16:15:00               CASE #:  CV  13-00554     A  F 1         FMT03

 DATE   NARRATIVE
----------------------------------------------------------------------
53013   00010          00000 00000 00000  16500
        CLASS ACTION COMPLAINT
53013   00020          00000 00000 00000  00000
        SUMMONS ISSUED & RTA:
          OK FOODS INC
          OK INDUSTRIES INC
53113   00030          00000 00000 00000  00000
        **FAX**PLTFS FIRST SET OF REQUESTS FOR ADMISSIONS TO DEF O.K.
          INDUSTRIES INC--ATTY SHARUM
53113   00040          00000 00000 00000  00000
        **FAX** PLTFS FIRST SET OF REQUESTS FOR ADMISSIONS TO DEF O.K.
          FOODS INC--ATTY SHARUM
61913   00050          00000 00000 00000  00000
        AFFIDAVIT OF SERVICE OF PROCESS--UPON RONALD BROWN W/RETURN REC'PT
          SIGNED 6/15/13.
62013   00060          00000 00000 00000  00000
        SUMMONS SERVED ON 5/31/13:
----------------------------------------------------------------------
        F2=BACKWARD          PRESS ENTER=FORWARD          F7=EXIT
37                                                                1,1
```

| Attention | Refresh Screen | Field Exit | Page Up | Enter |
|---|---|---|---|---|
| System Request | Stop Session | Reset | Page Down | |

Traditional view
Switch this session to traditional view.

Active sessions
Work with your active sessions.

Configured sessions
Work with your configured sessions.

My keypads
Work with your keypads.

5250 user interface help
View help for using the 5250 user interface.

5250-A

IBM      System i      Support

6.1.0.07-390.SI44342

—Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT: CIVIL

To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: Sebastian          District: Fort Smith          Docket Number: CV-13-554

Judge: TABOR          Division: Civil I          Filing Date: 5/30/2013

Plaintiff: Ana Melger, Phaythoune Phengsouvanavong, Ruben Isaburo, _individually and on behalf of all similarly situated_          Defendant: O.K. Foods, Inc. and OK. Industries, Inc.

Attorney Providing Information: Stephen Sharum          19 Court Street, Fort Smith, AR 72902
☑ Plaintiff   ☐ Defendant   ☐ Intervenor          Address

Litigant, if Pro Se: _____

Related Case(s): Judge_____          Address
                                                 Case Number(s) _____

**Type of Case:**

| Torts | Equity | Miscellaneous |
|---|---|---|
| ☐ (NM) Negligence: Motor Vehicle | ☐ (FC) Foreclosure | ☐ (CD) Condemnation |
| ☐ (NO) Negligence: Other | ☐ (QT) Quiet Title | ☐ (RE) Replevin |
| ☐ (BF) Bad Faith | ☐ (IJ) Injunction | ☐ (DJ) Declaratory Judgment |
| ☐ (FR) Fraud | ☐ (PT) Partition | ☐ (UD) Unlawful Detainer |
| ☐ (MP) Malpractice | ☐ (OT) Other _____ | ☐ (IN) Incorporation |
| ☐ (PL) Product Liability | | ☐ (EL) Election |
| ☐ (OD) Other _____ | | ☐ (FJ) Foreign Judgment |
| *Contracts* | | ☐ (WT) Writs_____ |
| ☐ (IS) Insurance | | ☐ (AA) Administrative Appeal |
| ☐ (DO) Debt: Open Account | | ☐ (CF) Property Forfeiture |
| ☐ (PN) Debt: Promissory Note | | ☐ (RD) Remove Disabilities |
| ☑ (EM) Employment | | ☐ (NC) Name Change |
| ☐ (OC) Other _____ | | ☑ (OM) Other _Class Action_ |

Jury Trial Requested: ☑ Yes ☐ No          **Manner of Filing:** ☑ Original ☐ Re-open ☐ Transfer
                                                        ☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: _____          ☐ Bench Trial          ☐ Non-Trial   ☐ Jury Trial

| Judgment Type: | Dismissal Type: | Other: |
|---|---|---|
| ☐ (DJ) Default Judgment | ☐ (DW) Dismissed with Prejudice | ☐ (TR) Transferred to Another Jurisdiction |
| ☐ (SJ) Summary Judgment | ☐ (DN) Dismissed without Prejudice | ☐ (RB) Removed to Bankruptcy Court |
| ☐ (CJ) Consent Judgment | | ☐ (RF) Removed to Federal Court |
| ☐ (TJ) Trial Judgment | | ☐ (AR) Arbitration |
| ☐ (OJ) Other Judgment | | |
| ☐ (PG) Petition Granted | | |
| ☐ (PD) Petition Denied | | |
| ☐ (DF) Decree of Foreclosure | | |

Judgment For:
☐ Plaintiff   ☐ Defendant   ☐ Both          Judgment Amount: $ _____

Clerk's Signature _____          Date _____

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION _____

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated                    **PLAINTIFFS**

vs.                    Case No. CV 13-554  (I)

O.K. FOODS, INC. AND
O.K. INDUSTRIES, INC.                                        **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO SEPARATE DEFENDANT:**

O.K. Foods, Inc., Registered Agent:  Ronald Brown, 4601 North 6th Street, Fort Smith,
AR 72904

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the Clerk of this Court a written
answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the Plaintiffs or Plaintiffs' attorney, whose
name and address are:

Stephen M. Sharum
Attorney at Law
P.O. Box 1951
Fort Smith, AR 72902-1951

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the Complaint.

Additional notices:  Plaintiffs' First Set of Interrogatories to Defendant O.K. Foods, Inc.,
Plaintiffs' First Set of Requests for Production of Documents to Defendant O.K. Foods,
Inc., and Plaintiffs' First Set of Requests for Admissions to Defendant O.K. Foods, Inc.



*CV-201300554-A-F*

*00020*

DENORA D. COOMER, CIRCUIT COURT CLERK

_Dee hall, dc_
[Signature of Clerk or Deputy Clerk]

Date: **MAY 3 0 2013**
[SEAL]

Address of Clerk's Office:

Sebastian County Circuit Clerk
Sebastian County Courts Building
901 South B Street, Suite 205
Fort Smith, AR 72901

**This Summons is for separate Defendant, O.K. Foods, Inc.**

**PROOF OF SERVICE**

☐ I personally delivered the Summons and Complaint to the individual at
_____ [place] on _____ [date]; or

☐ I left the Summons and Complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the Summons and Complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____
_____ [name], _____ [relationship], a person at least
14 years of age who resides there, on _____ [date]; or

☐ I delivered the Summons and Complaint to _____ [name of
individual], an agent authorized by appointment or by law to receive service of
Summons on behalf of _____ [name of Plaintiff/Defendant] on
_____ [date]; or

☐ I am the Plaintiffs' or an attorney of record for the Plaintiffs in this lawsuit, and
I served the Summons and Complaint on the separate Defendant by certified mail,
return receipt requested, restricted delivery, as shown by the attached signed return
receipt.

☐ I am the Plaintiffs or an attorney of record for the Plaintiffs in this lawsuit, and
I mailed a copy of the Summons and Complaint by first-class mail to the separate
Defendant together with two copies of a notice and acknowledgment and received the
attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

CV 13-554

☐ I was unable to execute service because: _____

_____

My fee is $_____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                              By: _____
                              [Signature of server]

                              _____
                              [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                              [Signature of server]

                              _____
                              [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                              _____
                              Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION _____

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated                    PLAINTIFFS

vs.                       Case No. CV 13 554

O.K. FOODS, INC. AND
O.K. INDUSTRIES, INC.                                         DEFENDANTS

SUMMONS

**THE STATE OF ARKANSAS TO SEPARATE DEFENDANT:**

O.K. Industries, Inc., Registered Agent: Capitol Corporate Services, Inc., 300 S. Spring
St., Suite 900, Little Rock, AR 72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached
Complaint.  Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the Clerk of this Court a written
answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the Plaintiffs or Plaintiffs' attorney, whose
name and address are:

Stephen M. Sharum
Attorney at Law
P.O. Box 1951
Fort Smith, AR 72902-1951

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the Complaint.

Additional notices:  Plaintiffs' First Set of Interrogatories to Defendant O.K. Industries,
Inc., Plaintiffs' First Set of Requests for Production of Documents to Defendant O.K.
Industries, Inc., and Plaintiffs' First Set of Requests for Admissions to Defendant O.K.
Industries, Inc.

DENORA D. COOMER, CIRCUIT COURT CLERK

_Duhau_
[Signature of Clerk or Deputy Clerk]

Date: **MAY 3 0 2013**
[SEAL]

Address of Clerk's Office:

Sebastian County Circuit Clerk
Sebastian County Courts Building
901 South B Street, Suite 205
Fort Smith, AR 72901

**This Summons is for separate Defendant, O.K. Industries, Inc.**

### PROOF OF SERVICE

☐ I personally delivered the Summons and Complaint to the individual at
_____ [place] on _____ [date]; or

☐ I left the Summons and Complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the Summons and Complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____
_____ [name], _____ [relationship], a person at least
14 years of age who resides there, on _____ [date]; or

☐ I delivered the Summons and Complaint to _____ [name of
individual], an agent authorized by appointment or by law to receive service of
Summons on behalf of _____ [name of Plaintiff/Defendant] on
_____ [date]; or

☐ I am the Plaintiffs' or an attorney of record for the Plaintiffs in this lawsuit, and
I served the Summons and Complaint on the separate Defendant by certified mail,
return receipt requested, restricted delivery, as shown by the attached signed return
receipt.

☐ I am the Plaintiffs or an attorney of record for the Plaintiffs in this lawsuit, and
I mailed a copy of the Summons and Complaint to the separate
Defendant together with two copies of a notice and acknowledgment and received the
attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

CV 13-554

☐ I was unable to execute service because: _____

_____

My fee is $_____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                            By: _____
                            [Signature of server]

                            _____
                            [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                            [Signature of server]

                            _____
                            [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                            _____
                            Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



*CU-201300554-A-F*

*00050*

FILED
FT. SMITH DIST.

2013 JUN 19 PM 12 19

CLERK SEB. CO.

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION (I)

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated                        PLAINTIFFS

     vs.                        Case No. CV-13-554

O.K. FOODS, INC. AND
O.K. INDUSTRIES, INC.                                          DEFENDANTS

## AFFIDAVIT OF SERVICE OF PROCESS

STATE OF ARKANSAS    )
                        )   ss
COUNTY OF SEBASTIAN   )

Comes now Stephen M. Sharum, being of lawful age, and after having been duly sworn on oath, states:

I.

That I am one of the attorneys of record for the Plaintiffs in the above-captioned cause of action.

II.

That on June 13, 2013, I mailed to the separate Defendant, O.K. Foods, Inc., to their Agent for Service of Process, Ronald Brown, by certified mail, return receipt requested, restricted delivery to addressee only, No. 7010 3090 0000 3527 7415, a copy

of the Summons issued and the Class Action Complaint herein to be answered within thirty (30) days. In addition to the Summons and Class Action Complaint, Plaintiffs' First Set of Interrogatories to Defendant O.K. Foods, Inc., Plaintiffs' First Set of Requests for Production of Documents to Defendant O.K. Foods, Inc., and Plaintiffs' First Set of Requests for Admissions to Defendant O.K. Foods, Inc. were served with the Summons and Class Action Complaint.

III.

Prior to sending the service of process by certified mail, restricted delivery, the Plaintiffs attempted service of process on Ronald Brown, Agent for Service of Process, at the O.K. Foods, Inc. facility. The Summons was returned by the Sheriff of Sebastian County, Arkansas unable to serve with the information that the Agent for Service of Process has moved from the State of Arkansas. The Agent for Service of Process for the separate Defendant, O.K. Foods, Inc., remains Ronald Brown.

IV.

Certified receipt was returned to this office evidencing receipt by Ronald Brown, Agent for Service for the separate Defendant, O.K. Foods, Inc., of the Summons, Class Action Complaint, Plaintiffs' First Set of Interrogatories to Defendant O.K. Foods, Inc., Plaintiffs' First Set of Requests for Production of Documents to Defendant O.K. Foods, Inc., and Plaintiffs' First Set of Requests for Admissions to Defendant O.K. Foods, Inc., certificate dated June 15, 2013, a copy of said return receipt being attached hereto as Exhibit A, as if set out herein word for word.

- 2 -

V.

The affiant further states proper service has been perfected in this captioned case

for the Court to further proceed.

Further the affiant sayeth not.



_____
Stephen M. Sharum

Subscribed and sworn to before me this 18th day of June, 2013.

_____
Notary Public

My Commission Expires:

6-16-16
_____

PATRICIA A. KOLETTIS
MY COMMISSION # 12348638
EXPIRES: June 16, 2016
Sebastian County

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated,
PLAINTIFFS

STEPHEN M. SHARUM
Attorney at Law
P.O. Box 1951
Fort Smith, AR 72902-I95I
(479) 785-0123
(479) 785-4518 Fax
Ark. Bar I.D. #73107

GARY W. UDOUJ, P.A.
Attorney at Law
5 Court Street
P.O. Box 2102
Fort Smith, AR 72902-2102
(479) 782-5400
(479) 782-8445 Fax
Ark. Bar I.D. #84151

- 3 -

JOHN T. HOLLEMAN
Ark. Bar I.D. #91056
MARYNA O. JACKSON
Ark. Bar I.D. #2009111
TIMOTHY A. STEADMAN
Ark. Bar I.D. #2009113
Attorneys at Law
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, AR 72201
(501) 975-5040
(501) 975-5041 Fax

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION _____

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated                    **PLAINTIFFS**

     **vs.**       Case No. CV 13-554 (I)

O.K. FOODS, INC. AND
O.K. INDUSTRIES, INC.                                          **DEFENDANTS**

### SUMMONS

**THE STATE OF ARKANSAS TO SEPARATE DEFENDANT:**

O.K. Industries, Inc., Registered Agent: Capitol Corporate Services, Inc., 300 S. Spring
St., Suite 900, Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached
Complaint. Within 30 days after service of this Summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the Clerk of this Court a written
answer to the Complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the Plaintiffs or Plaintiffs' attorney, whose
name and address are:

Stephen M. Sharum
Attorney at Law
P.O. Box 1951
Fort Smith, AR 72902-1951

If you fail to respond within the applicable time period, judgment by default may be
entered against you for the relief demanded in the Complaint.

Additional notices:  Plaintiffs' First Set of Interrogatories to Defendant O.K. Industries,
Inc., Plaintiffs' First Set of Requests for Production of Documents to Defendant O.K.
Industries, Inc., and Plaintiffs' First Set of Requests for Admissions to Defendant O.K.
Industries, Inc.

*CV-201300554-A-F*

*00060*

DENORA D. COOMER, CIRCUIT COURT CLERK

_Sue Hall, dc_
[Signature of Clerk or Deputy Clerk]

Date: **MAY 3 0 2013**
[SEAL]

Address of Clerk's Office:

Sebastian County Circuit Clerk
Sebastian County Courts Building
901 South B Street, Suite 205
Fort Smith, AR 72901

**This Summons is for separate Defendant, O.K. Industries, Inc.**

**PROOF OF SERVICE**

☐ I personally delivered the Summons and Complaint to the individual at
_____ [place] on _____ [date]; or

☐ I left the Summons and Complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the Summons and Complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____
_____ [name], _____ [relationship], a person at least
14 years of age who resides there, on _____ [date]; or

☑ I delivered the Summons and Complaint to _Danny Clements_ [name of
individual], an agent authorized by appointment or by law to receive service of
Summons on behalf of _O.K. Industries Inc._ [name of Plaintiff/Defendant] on
_5-31-13 @ 11:25am_ [date]; or

☐ I am the Plaintiffs' or an attorney of record for the Plaintiffs in this lawsuit, and
I served the Summons and Complaint on the separate Defendant by certified mail,
return receipt requested, restricted delivery, as shown by the attached signed return
receipt.

☐ I am the Plaintiffs or an attorney of record for the Plaintiffs in this lawsuit, and
I mailed a copy of the Summons and Complaint by first-class mail to the separate
Defendant together with two copies of a notice and acknowledgment and received the
attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

CV 13-554

☐ I was unable to execute service because: _____

_____

My fee is $_____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 5-31-13     By: _Stephanie Myers_____
[Signature of server]

_Stephanie Myers_____
[Printed name]

Address: ATTORNEY'S SERVICES INC.
300 S SPRING ST. STE 400
LITTLE ROCK, AR 72201

Phone: (501) 376-2300

Subscribed and sworn to before me this date: 6/12/13

_Ouree Crook_____
Notary Public

Youree Crook
County of Pulaski
Notary Public - Arkansas
My Commission Expires 03-21-2015

My commission expires: 3/21/2015

Additional information regarding service or attempted service:

_____

_____

# **AFFIDAVIT OF SERVICE**

| | | |
|---|---|---|
| **State of Arkansas** | **County of Sebastian** | **Circuit Court** |

Case Number: CV-13-554 (I)

Plaintiff:
**Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo,
individually and on behalf of all others similarly situated**
vs.
Defendant:
**O.K. Foods, Inc. and O.K. Industries, Inc**

For: John Holleman
     Holleman & Associates, P.A.

Received by MYERS ATTORNEY'S SERVICE on the 31st day of May, 2013 at 10:53 am to be served on **O.K. Industries, Inc by serving Capitol Corporate Services, Inc, 300 S. Spring St., Suite 900, Little Rock, AR 72201**. I, Stephanie  Myers , being duly sworn, depose and say that on the 31ˢᵗ day of May , 2013 at 11:25 a.m., executed service by delivering a true copy of the **SUMMONS, NOTICE, CLASS ACTION COMPLAINT, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT O.K. INDUSTRIES, INC.; PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT O.K. INDUSTRIES, INC.; PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT O.K. INDUSTRIES, INC.** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving
_____ As _____ of the within-named
agency.

(✓) CORPORATE SERVICE: By Serving _Danny Clements_ as
_employee for agent._

( ) OTHER SERVICE: See Comments Below:

( ) NON SERVICE: See Comments Below:

Service Was Completed At: _300 S Spring St. Suite 900 Little Rock, AR 72201_

**COMMENTS:** _____
_____
_____
_____



## AFFIDAVIT OF SERVICE for CV-13-554 (I)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

NOTARY PUBLIC

Youree Crook
County of Pulaski
Notary Public - Arkansas
My Commission Exp. 3/21/2015

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**300 Spring Building**
**300 Spring Street, Suite 400**
**Little Rock, AR 72201**
**(501) 376-6266**
Our Job Serial Number: 2013002749

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☑ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Mr. Ronald Brown<br>19186 County Road 1108<br>Flint, TX 75762 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*   ☒ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7010 3090 0000 3527 7415 |

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

EXHIBIT A

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY
FORT SMITH DISTRICT
CIVIL DIVISION

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated                    **PLAINTIFFS**

v.                                    Case No.  CV-13-554 (±)

O.K. FOODS, INC. and
O.K INDUSTRIES, INC.                                          **DEFENDANTS**

### PLAINTIFFS' FIRST SET OF
### REQUESTS FOR ADMISSIONS
### TO DEFENDANT O.K. INDUSTRIES, INC.

Comes now Plaintiffs, Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo,

and for their first set of requests for admissions to separate defendant O.K. Industries, Inc., state:

### Definitions

1.     "Reed Lane Facility" refers to the Fort Smith food processing and manufacturing

plant where Named Plaintiffs work.

2.     "Donning and doffing time" refers to taking on or taking off protective clothing

and other equipment as referred to in Plaintiffs' class-action complaint.

### Request for Admission

**Request for Admission No. 1.** Admit O.K. Industries, Inc. was Ana Melgar's employer.

**Request for Admission No. 2.** Admit    O.K.    Industries,    Inc.    was    Phaythoune

Phengsouvanavong's employer.

**Request for Admission No. 3.** Admit    O.K.    Industries,    Inc.    was    Ruben    Iraburo's

employer.

1

**Request for Admission No. 4.** Admit O.K. Industries, Inc. agreed to pay its employees at the Reed Lane Facility in compliance with the Arkansas Minimum Wage Act.

**Request for Admission No. 5.** Admit O.K. Industries, Inc. requires employees to don protective clothing and other equipment at the Reed Lane Facility before beginning production activities.

**Request for Admission No. 6.** Admit wearing the protective clothing and other equipment is an integral and indispensible part of the employees' job duties.

**Request for Admission No. 7.** Admit O.K. Industries, Inc. would not allow employees to work unless they wore the protective clothing and other equipment while performing their job duties.

**Request for Admission No. 8.** Admit O.K. Industries, Inc. does not pay hourly employees for the time they spend donning protective clothing and other equipment before the shift begins.

**Request for Admission No. 9.** Admit O.K. Industries, Inc. does not pay hourly employees for the time they spend doffing protective clothing and other equipment at the end of the day.

**Request for Admission No. 10.** Admit O.K. Industries, Inc. does not begin paying its employees until the production line begins running.

**Request for Admission No. 11.** Admit O.K. Industries, Inc. stops paying its employees when the production line stops running.

**Request for Admission No. 12.** Admit O.K. Industries, Inc. requires hourly employees to take two unpaid thirty-minute breaks per shift.

2

**Request for Admission No. 13.** Admit employees are required to don and doff protective clothing and other equipment during their unpaid thirty-minute breaks.

**Request for Admission No. 14.** Admit O.K. Industries, Inc., is a citizen of Arkansas.

**Request for Admission No. 15.** Admit O.K. Industries, Inc. has not been a defendant in a wage-and-hour class action lawsuit during the last three years (excluding this case).

**Request for Admission No. 16.** Admit that two-thirds or more of O.K. Industries, Inc.'s hourly production employees at the Reed Lane Facility are citizens of Arkansas.

Respectfully submitted
this 30th day of May, 2013,

By: _____

Stephen Sharum  - AR Bar #73107
SHARUM LAW FIRM
P.O. Box 1951
Fort Smith, Arkansas 72902
Tel. 479.785.0123
Fax 479.782.8445

*and*

Gary Udouj - AR Bar #84151
GARY W. UDOUJ, P.A.
5 Court Street
P.O. Box 2102
Fort Smith, Arkansas 72902
Tel. 479.782.5400
Fax 479.782.8445

*and*

John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson - AR Bar #2009111
maryna@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041

3

**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY
FORT SMITH DISTRICT
CIVIL DIVISION**

**ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all others similarly situated**                                **PLAINTIFFS**

      **v.**                               Case No. CV-13-554(I)

**O.K. FOODS, INC. and
O.K INDUSTRIES, INC.**                                **DEFENDANTS**

<u>**PLAINTIFFS' FIRST SET OF
REQUESTS FOR ADMISSIONS
TO DEFENDANT O.K. FOODS, INC.**</u>

Comes now Plaintiffs, Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo, and for their first set of requests for admissions to separate defendant O.K. Foods, Inc., state:

<u>Definitions</u>

1.    "Reed Lane Facility" refers to the Fort Smith food processing and manufacturing plant where Named Plaintiffs work.

2.    "Donning and doffing time" refers to taking on or taking off protective clothing and other equipment as referred to in Plaintiffs' class-action complaint.

<u>Request for Admission</u>

**Request for Admission No. 1.** Admit O.K. Foods, Inc. was Ana Melgar's employer.

**Request for Admission No. 2.** Admit O.K. Foods, Inc. was Phaythoune Phengsouvanavong's employer.

**Request for Admission No. 3.** Admit O.K. Foods, Inc. was Ruben Iraburo's employer.

**Request for Admission No. 4.** Admit O.K. Foods, Inc. agreed to pay its employees at the Reed Lane Facility in compliance with the Arkansas Minimum Wage Act.

1

**Request for Admission No. 5.** Admit O.K. Foods, Inc. requires employees to don protective clothing and other equipment at the Reed Lane Facility before beginning production activities.

**Request for Admission No. 6.** Admit wearing the protective clothing and other equipment is an integral and indispensible part of the employees' job duties.

**Request for Admission No. 7.** Admit O.K. Foods, Inc. would not allow employees to work unless they wore the protective clothing and other equipment while performing their job duties.

**Request for Admission No. 8.** Admit O.K. Foods, Inc. does not pay hourly employees for the time they spend donning protective clothing and other equipment before the shift begins.

**Request for Admission No. 9.** Admit O.K. Foods, Inc. does not pay hourly employees for the time they spend doffing protective clothing and other equipment at the end of the day.

**Request for Admission No. 10.** Admit O.K. Foods does not begin paying its employees until the production line begins running.

**Request for Admission No. 11.** Admit O.K. Foods stops paying its employees when the production line stops running.

**Request for Admission No. 12.** Admit O.K. Foods, Inc. requires hourly employees to take two unpaid thirty-minute breaks per shift.

**Request for Admission No. 13.** Admit employees are required to don and doff protective clothing and other equipment during their unpaid thirty-minute breaks.

**Request for Admission No. 14.** Admit O.K. Foods, Inc., is a citizen of Arkansas.

**Request for Admission No. 15.** Admit O.K. Foods, Inc. has not been a defendant in a wage-and-hour class action lawsuit during the last three years (excluding this case).

2

**Request for Admission No. 16.** Admit that two-thirds or more of O.K. Foods, Inc.'s hourly production employees at the Reed Lane Facility are citizens of Arkansas.

Respectfully submitted
this 30th day of May, 2013,

By: _____

Stephen Sharum  - AR Bar #73107
SHARUM LAW FIRM
P.O. Box 1951
Fort Smith, Arkansas 72902
Tel. 479.785.0123
Fax 479.782.8445

*and*

Gary Udouj - AR Bar #84151
GARY W. UDOUJ, P.A.
5 Court Street
P.O. Box 2102
Fort Smith, Arkansas 72902
Tel. 479.782.5400
Fax 479.782.8445

*and*

John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson - AR Bar #2009111
maryna@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041