IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, AND
RUBEN IRABURO, individually and
on behalf of all others similarly situated                          PLAINTIFFS

      v.                              Case No. 2:13-cv-02169-RTD

O.K. FOODS, INC. and
O.K. INDUSTRIES, INC.                                               DEFENDANTS

---

FIRST AMENDED CLASS- AND
COLLECTIVE-ACTION COMPLAINT

---

Comes now Plaintiffs, Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo, and for their first amended class- and collective-action complaint state:

## I. INTRODUCTION

1.      This is a class action for wages owed. Named Plaintiffs are hourly production employees at Defendants' (All Defendants collectively referred to as "OK") Fort Smith food processing and manufacturing plant (the "Reed Lane Facility"). OK also has facilities located in Oklahoma. OK's employees are not paid for approximately six to seven hours per week they spend working, and they bring this class action to receive the wages they are owed.

2.      Each day, OK's employees arrive at work and access the facility by swiping an employee identification card. Employees then travel to a supply room

where they are issued other protective equipment, such as hairnets, gloves, aprons, boots, arm sleeves, safety glasses, earplugs, and smocks. Some employees also must spend around ten minutes dipping their hands in a hot wax substance and wrapping their hands. After donning this protective equipment, the employees travel to their workstation and wait for the production line to start. Once the line starts, the employees begin receiving pay. At the end of the day, the employees stop getting paid when the production line stops, even though they have to doff their protective gear before going home. Employees are also forced to take two unpaid breaks every day, but they spend the vast majority of that break time doffing their used protective equipment, waiting to receive a new set of equipment, and donning the new equipment before returning to the line.

3.     OK's policies violate Federal and Arkansas law. An employer must pay employees for all hours they work, and it must pay overtime for any hours worked over 40. The time spent dipping, wrapping, donning, doffing, walking, and waiting are hours worked. OK is also required to pay employees during thirty minute breaks because they are not completely relieved from duties and are unable to use the break time effectively for their own purposes. Plaintiffs bring this claim on behalf of themselves and all hourly-production employees for wages owed, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act, Arkansas Minimum Wage Act ("AMWA"), common law unjust enrichment, and breach of implied contract.

## II. JURISDICTION, VENUE, AND PARTIES

4.      Plaintiff Ana Melgar is a resident of Fort Smith, Sebastian County, Arkansas and is a citizen of the State of Arkansas.  She has been employed by Defendants at the Reed Lane Facility since April 25, 2012, as a production employee.  At all relevant times, Melgar has been classified as an hourly employee and non-exempt from the overtime requirements of the AMWA and FLSA. Her consent to join has been filed with this Court.

5.      Plaintiff Phaythoune Phengsouvanavong is a resident of Fort Smith, Sebastian County, Arkansas and is a citizen of the State of Arkansas.  She has been employed by Defendants at the Reed Lane Facility since June 10, 1980, as a production employee. At all relevant times, Phengsouvanavong has been classified as an hourly employee and non-exempt from the overtime requirements of the AMWA and FLSA. Her consent to join has been filed with this Court.

6.      Plaintiff Ruben Iraburo is a resident of Fort Smith, Sebastian County, Arkansas and is a citizen of the State of Arkansas. He has been employed by Defendants at the Reed Lane Facility since June 7, 1994, as a production employee. At all relevant times, Iraburo has been classified as an hourly employee and non-exempt from the overtime requirements of the AMWA and FLSA. His consent to join has been filed with this Court.

7.      Defendant OK Foods, Inc. is an Arkansas corporation with its principal place of business in Arkansas. At all relevant times, OK Foods, Inc. was an "employer of

the Named Plaintiffs and members of the putative class, as defined by Ark. Code Ann. §
11-4-203(4) and 29 U.S.C. § 203(d). OK Foods may be served through its registered
agent, Ronald Brown at 4601 North 6th Street, Fort Smith, Arkansas 72904.

8.      Defendant OK Industries, Inc is an Arkansas corporation with its principal
place of business in Arkansas. OK Industries, Inc. is the parent company of OK Foods,
Inc. At all relevant times, OK Industries, Inc. was an "employer" of Named Plaintiffs
and members of the putative Class, as defined by Ark. Code Ann. § 11-4-203(4) and 29
U.S.C. § 203(d). OK Industries can be served through its registered agent, Capitol
Corporate Services, Inc. 300 S Spring St. Suite 900, Little Rock, Arkansas 72201.

### III. FACTUAL ALLEGATIONS

9.      Named Plaintiffs and members of the putative classes are employed as
production employees at Defendants' chicken processing plants in Fort Smith,
Arkansas, Heavener, Oklahoma, or Muldrow, Oklahoma.

10.      Defendants process chickens and produce chicken products. Live chickens
are received in trucks from a subsidiary, OK Farms, Inc. and staged in a holding shed
before being slaughtered. After slaughtering, the birds are picked, eviscerated, and
chilled. After chilling, the birds are cut into predetermined pieces. For example, wings
and legs are packaged and delivered for sales, while the breast section is deboned and
used to manufacture a variety of chicken breast products.

11.      Named Plaintiffs and members of the putative classes work as production
employees. Plaintiffs and members of the putative class have a variety of job titles and

production duties, but all are involved in the processing of chicken and manufacture of chicken products.

12.    Regardless of the employee's job title and specific duties, each hourly OK Foods employee is required to don and doff protective equipment at the beginning and end of the workday and during unpaid breaks, and to travel to and from their workstations wearing protective equipment.

13.    The wearing of protective equipment is done for OK's benefit, and it is an integral and indispensible part of the jobs performed by OK's employees.

14.    OK does not pay its employees for the time they spend donning and doffing protective equipment, nor does it pay them to walk to and from their workstations while wearing the protective equipment.

15.    Named Plaintiffs and members of the putative classes are required to arrive at the facility approximately one hour before the production line starts.

16.    Upon arriving at work, Named Plaintiffs and members of the putative classes swipe a security card at the gate. They then proceed to their lockers to store their lunch.

17.    After Named Plaintiffs and members of the putative classes put away their lunch, they walk to a supply room where they are issued specialized protective gear, including hairnets, gloves, aprons, boots, arm sleeves, safety glasses, earplugs, and smocks. The employees are required to don this protective gear before travelling to the production line.

18.     Named Plaintiffs and members of the putative classes are required to don the protective gear for OK's benefit, and the wearing of such protective gear is an integral and indispensible part of the jobs performed by Named Plaintiffs and members of the putative class.

19.     Depending on their job duties, Named Plaintiffs and members of the putative classes are also required to visit a nurse's station to dip their hands in a hot wax substance and wrap their hands.

20.     The process of dipping and wrapping takes approximately 10 minutes.

21.     The dipping and wrapping is done for OK's benefit, and it is an integral and indispensible part of the jobs performed by Named Plaintiffs and members of the putative classes.

22.     After donning their protective gear, and waxing and wrapping if necessary, Named Plaintiffs and members of the putative classes wash and sanitize their hands and travel to their workstations to wait for the production line starts.

23.     Named Plaintiffs and members of the putative classes do not begin receiving pay until the production line begins running.

24.     During the workday, Named Plaintiffs and members of the putative classes are required to take two unpaid 30 minute breaks.

25.     Because Named Plaintiffs and members of the putative classes must doff their dirty protective gear, wait in the supply line, and don new protective gear during these breaks, they are not able to effectively use the time for their own purposes.

26.     Named Plaintiffs and members of the putative classes typically have only ten to twelve minutes of the unpaid break – less than half of the meal period – to use for their own purposes.

27.     Because Named Plaintiffs and members of the putative classes must don and doff their protective gear during these breaks, they are not completely relieved of all duties during their breaks as required by the AMWA and FLSA.

28.     Once the production line stops running, Named Plaintiffs and members of the putative classes stop receiving pay for the day.

29.     After the production line stops, Named Plaintiffs and members of the putative classes are required to return to the supply room to turn back in their protective gear.

30.     After turning in the protective gear, Named Plaintiffs and members of the putative classes are allowed to leave for the day.

31.     Named Plaintiffs and members of the putative classes frequently are paid for 40 hours or more each week, a total that does not include the time spent waxing, wrapping, donning, doffing, walking, and waiting.

32.     Named Plaintiffs and members of the putative classes spend approximately six to seven hours per week dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their workstation, and waiting for the production line to begin. Named Plaintiffs and members of the putative classes are not paid for any of this time.

33.     Named Plaintiffs and members of the putative classes are entitled to compensation for all hours worked, including the time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, traveling to and from their workstation, and waiting for the production line to begin.

34.     Named Plaintiffs and members of the putative classes are entitled to compensation for all hours worked in excess of 40 hours per week at a rate not less than one and one-half (1 1/2) times their regular rate of pay.

35.     Defendants have willfully failed to comply with this requirement and have failed to compensate Named Plaintiffs and members of the putative classes for overtime work as required by the AMWA and FLSA.

36.     On average, Named Plaintiffs and members of the putative classes spend six to seven hours per week dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their workstation, and waiting for the production line to begin.

37.     Defendants knew or should have known that they were violating the Arkansas Minimum Wage Act and Fair Labor Standards Act by refusing to pay Plaintiffs and members of the putative classes for their time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their workstations, and waiting for the production line to begin. Defendants' actions are willful.

## IV. CLASS-ACTION ALLEGATIONS
### (AMWA CLAIM)

38.   Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

39.   Named Plaintiffs move separately for one class for violations of the AMWA under Rule 23 of the *Federal Rules of Civil Procedure*.

40.   Members of this class worked at the Reed Lane Facility in Fort Smith within the applicable statute of limitations, and they were denied overtime compensation as a result of OK's pay practices.

41.   Members of the putative Class are so numerous that joinder of all such members is impracticable. The exact size of the putative class is unknown, but may be determined from records maintained by OK. Upon information and belief, approximately 1500 persons are currently employed at the Arkansas's facility as hourly, nonexempt employees. Approximately 3500 former employees are also included as putative class members.

42.   There are common questions of law and fact applicable to the putative Class. Common questions of law and fact include, but are not limited to:

a.   the compensability of time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their workstation, and waiting for the production line to begin;

b.   whether injunctive relief is available to force Defendants into compliance with the Arkansas Minimum Wage Act;

c.      whether Defendants have acted willfully or in good faith;

d.      whether Named Plaintiffs and members of the putative class are entitled to liquidated damages, penalties and attorney's fees and costs;

e.      whether Defendants have complied with their record-keeping obligations under the AMWA.

43.      Named Plaintiffs are typical of the putative class. Like other putative class members, they are and have been subjected to OK's common policy and practice of not paying its hourly, non-exempt employees for all compensable work to which they were entitled under Arkansas law.

44.      Named Plaintiffs will fairly and adequately protect the interests of the putative class.  They have no conflicts with the putative class and have suffered the exact same injury. Their counsel possesses the requisite resources and experience in class-action litigation.

45.      The questions of law and fact common to the Named Plaintiffs and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### V. CLASS-ACTION ALLEGATIONS
### (UNJUST ENRICHMENT AND BREACH OF IMPLIED CONTRACT CLAIMS)

46.      Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

47.     Named Plaintiffs move separately for one class for the state-law claims of unjust enrichment and breach of an implied contract under Rule 23 of the *Federal Rules of Civil Procedure*.

48.     Plaintiffs move specifically on behalf of all persons employed within the three years preceding the filing of this action by OK Foods at its Fort Smith, Heavener, and Muldrow food processing and manufacturing plant, as hourly production employees.

49.     Members of this class worked at each of OK's facilities across Arkansas and Oklahoma within the applicable statute of limitations, and they were denied compensation for all hours worked as a result of OK's pay practices.

50.     Members of the putative class are so numerous that joinder of all such members is impracticable. The exact size of the putative class is unknown, but may be determined from records maintained by OK. Upon information and belief, approximately 2800 persons are currently employed at all of OK's facilities as hourly, nonexempt employees. An unknown number of former employees are also included as putative class members.

51.     There are common questions of law and fact applicable to the putative class. Common questions of law and fact include, but are not limited to:

a.     the compensability of time spent dipping their hands in wax, wrapping their hands, donning and doffing protective gear, travelling to and from their workstation, and waiting for the production line to begin;

b.      whether Named Plaintiffs and members of the putative class are entitled to attorney's fees and costs;

c.      whether Defendants have been unjustly enriched at the expense of Named Plaintiffs and members of the putative class;

d.      Whether Defendants have an implied contractual obligation to pay Named Plaintiffs and members of the putative class for all hours worked; and

e.      Whether Defendants breached that obligation by failing to pay Named Plaintiffs and members of the putative class for time spent waxing, wrapping, donning, doffing, walking, and waiting.

52.     Named Plaintiffs are typical of the putative class. Like other putative class members, they are and have been subjected to OK's common policy and practice of not paying its hourly, non-exempt employees for all compensable work to which they were entitled under Arkansas law.

53.     Named Plaintiffs will fairly and adequately protect the interests of the putative class.  They have no conflicts with the putative class and have suffered the exact same injury. Their counsel possesses the requisite resources and experience in class-action litigation.

54.     The questions of law and fact common to the Named Plaintiffs and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## VI. COLLECTIVE-ACTION ALLEGATIONS
### (FLSA CLAIM)

55.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

56.     Plaintiffs bring this FLSA collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically on behalf of all persons employed within the three years preceding the filing of this action by OK Foods at its Fort Smith, Heavener, and Muldrow food processing and manufacturing plant, as hourly production employees who were non-exempt from the FLSA and were required to work "off the clock" and in excess of 40 hours per week and were not paid for that work.

57.     Upon information and belief, the definition of the class may be further refined following discovery of OK's books and records.

58.     There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include:

a.     Whether OK unlawfully failed and continues to fail to compensate Plaintiffs and those similarly situated for all hours worked in violation of the FLSA;

b.     Whether OK unlawfully failed and continue to fail to pay Plaintiffs and those similarly situated overtime compensation in violation of the FLSA;

c.      Whether OK failed to pay Plaintiffs and others similarly situated all overtime compensation due to them by virtue of their donning and doffing policy;

d.      Whether OK  failed to pay Plaintiffs and others similarly situated all overtime compensation due to them for working in excess of 40 hours per week;

e.      Whether OK's actions were willful within the meaning of the FLSA;

f.      Whether OK failed and continues to fail to maintain accurate records of actual time worked by Plaintiffs and those similarly situated;

g.      Whether OK failed and continues to fail to record or report all actual time worked by Plaintiffs and those similarly situated, and

h.      Whether OK failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiffs and those similarly situated.

59.     Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are subject to OK's common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

60.     The names and addresses of the FLSA Collective Action Plaintiffs are available from OK, and notice of this action should be provided to them via first class mail to their last known address as soon as possible.

## VII. CLAIM I: VIOLATIONS OF THE
## ARKANSAS MINIMUM WAGE ACT
### (DONNING AND DOFFING – ARKANSAS FACILITY)

61.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

62.     At all relevant times, Named Plaintiffs and members of the putative class have been entitled to the rights, protection and benefits provided under the AMWA.

63.     At all relevant times, Named Plaintiffs and members of the putative class have been "employees" of OK Foods, Inc., and OK Industries, Inc., as defined by Ark. Code Ann. § 11-4-203(3).

64.     At all relevant times, OK Foods, Inc., and OK Industries, Inc., were "employers" of Named Plaintiffs and members of the putative class, as defined by Ark. Code Ann. § 11-4-203(4).

65.     Ark. Code Ann. § 11-4-211(a) provides that "no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed."

66.     Named Plaintiffs and members of the putative class are entitled to compensation for all hours worked in excess of 40 per week at a rate not less than one and one half times their regular rate of pay.

67.     At all relevant times, Defendants failed and refused to compensate Plaintiffs for work performed at the rate required by Ark. Code Ann. § 11-4-211.

68.     Defendants have violated and continue to violate the AMWA by failing to pay Plaintiffs for all hours actually worked at the rate prescribed therein.

69.     Defendants have failed and continue to fail to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of Ark. Code Ann. § 11-4-217.

70.     Defendants have willfully violated and continue to violate the above provisions by failing to pay their employees one-and-one-half time the regular rate of hourly pay for all hours worked in excess of 40 hours.

71.     Defendants' violations entitle Named Plaintiffs and members of the putative class to compensatory damages calculated as the full amount of wages owed less the amount of wages actually received.

72.     Defendants' violations entitle Named Plaintiffs and members of the putative class to liquidated damages pursuant to Ark. Code Ann. § 11-4-218(a)(2) of an amount equal to compensatory damages.

73.     Named Plaintiffs and members of the putative class are entitled to an award of their attorney's fees and court costs pursuant to Ark. Code Ann. § 11-4-218(a)(1)(B)(ii).

## VIII. CLAIM II: VIOLATIONS OF THE
## FAIR LABOR STANDARDS ACT
### (DONNING AND DOFFING – ARKANSAS AND OKLAHOMA FACILITIES)

74.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

75.     At all relevant times, OK was an employer engaged in interstate commerce within the meaning of the FLSA.

76.     At all relevant times, OK employed Plaintiffs and each member of the putative class

77.     At all relevant times, OK had annual gross revenues in excess of $500,000.00.

78.     The FLSA requires OK, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek.

79.     OK failed to compensate its employees for all hours worked and to pay them overtime compensation as required by the FLSA.

80.     OK has failed to accurately record, report, and preserve records of hours worked by Plaintiffs and the prospective FLSA Class Action Plaintiffs, sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

81.     OK's violations are, and have been, knowing and willful within the meaning of the FLSA.

82.     As a result of OK's violations of law, Plaintiffs and the prospective FLSA Collective Action Plaintiffs are entitled to recover the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, prejudgment interest, attorneys' fees, litigation expenses and court costs, and such other legal and equitable relief as the Court deems just and proper.

### IX. CLAIM III: UNJUST ENRICHMENT
### (DONNING AND DOFFING – ARKANSAS AND OKLAHOMA FACILITIES)

83.     Plaintiffs incorporate by reference preceding paragraphs as if they were fully set forth herein.

84.     At all relevant times, Named Plaintiffs and members of the putative class provided services to Defendants by dipping and wrapping their hands, donning and doffing protective gear, and traveling to their workstations. Defendants have and continue to directly receive the benefits of such services.

85.     At all relevant times, Named Plaintiffs and members of the putative class reasonably expected to be paid their regular hourly rate for all hours worked for Defendants.

86.     At all relevant times, Defendants were aware that Named Plaintiffs and members of the putative class expected to be paid their regular hourly rate for all hours worked.

87.     By accepting the services of Named Plaintiffs and members of the putative class and failing to pay for them, Defendants were unjustly enriched at the expense of Named Plaintiffs and members of the putative class.

88.     Defendants benefited from the services of Named Plaintiffs, and it would be unfair, unjust, and inequitable to allow Defendant to retain those benefits without paying for them.

89.     Named Plaintiffs and members of the putative class are entitled to recover damages resulting from Defendants' common policy and practice of not paying them for all hours worked at their regular rate of pay, and at one-and-a-half times the regular rate of pay for any unpaid overtime hours.

### X. CLAIM IV: BREACH OF IMPLIED CONTRACT
### (DONNING AND DOFFING - ARKANSAS AND OKLAHOMA FACILITIES)

90.     Named Plaintiffs and members of the putative class have an implied contract with Defendants, who are their employers.

91.     As part of the implied contract, Defendants agreed to pay Named Plaintiffs and members of the putative class for all hours they worked at their regular rate of pay and to pay hours over forty at one-and-a-half times the regular rate.

92.     OK breached the implied contract by failing or refusing to pay Named Plaintiffs and members of the putative class for the time spent waxing, wrapping, donning, doffing, walking, and waiting.

93.     As a result of OK's breach, Named Plaintiffs and members of the putative class have suffered compensatory damages in the form of unpaid wages. Named

Plaintiffs and members of the putative class are entitled to receive payment for all hours worked at their regular rate of pay and at one-and-a-half times the regular rate of pay for any unpaid overtime hours.

## XI. PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Named Plaintiffs, on behalf of themselves and all members of the putative class, respectfully request this Court:

a.     Certify this action as a class action pursuant to Rule 23 for the claims under the AMWA, with the class defined as:

> All hourly, nonexempt production employees who were, are, or will be employed at Defendants' Fort Smith production facilities at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action and worked more than 40 hours during any week of employment.

b.     Certify this action as a class action pursuant to Rule 23 for the claims of unjust enrichment and breach of an implied contract, with the separate class defined as:

> All hourly, nonexempt production employees who were, are, or will be employed at Defendants' facilities in Arkansas or Oklahoma at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action.

c.     Certify this action as a collective action under the FLSA, with the class defined as:

> All hourly, nonexempt production employees who were, are, or will be employed at Defendants' facilities in Arkansas or Oklahoma at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action.

d.     Designate the Named Plaintiffs as representatives of the Class;

e.      Designate Holleman & Associates, P.A., Gary W. Udouj, P.A., and Steve Sharum Law Firm as class counsel.

f.      Enter a declaratory judgment that the practices complained of herein are unlawful under Arkansas and Federal law;

g.      Enter a permanent injunction restraining and preventing Defendants from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Arkansas Minimum Wage Act and Fair Labor Standards Act;

h.      Enter an Order for complete and accurate accounting of all the compensation to which Named Plaintiffs and members of the putative classes are entitled;

i.      Award Named Plaintiffs and putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rates from a period from three (3) years prior to this lawsuit through the date of trial;

j.      Award Named Plaintiffs and putative class members compensatory damages in an amount equal to the unpaid non-overtime back wages;

k.      Award Named Plaintiffs and putative class members liquidated damages in an amount equal to their compensatory damages;

l.      Award Named Plaintiffs all recoverable costs, expenses, and attorney's fees incurred in prosecuting this action, together with all applicable interest, and

m.      Grant Plaintiffs all such further relief as the Court deems just and appropriate.

n.      Named Plaintiffs demand a jury trial on all issues so triable.

By: /s/ John T. Holleman

John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Maryna O. Jackson - AR Bar #2009111
maryna@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

Stephen Sharum - AR Bar #73107
SHARUM LAW FIRM
19 Court Street
Fort Smith, Arkansas 72902
Tel. 479.785.0123
Fax 479.782.8445

Gary Udouj - AR Bar #84151
GARY W. UDOUJ, P.A.
5 Court Street
P.O. Box 2102
Fort Smith, Arkansas 72902
Tel. 479.782.5400
Fax 479.782.8445

## CERTIFICATE OF SERVICE

I, John T. Holleman, hereby certify that a true and correct copy of the foregoing document was served via the CM/ECF on the 24th day of April, 2014, to the following attorneys of record:

Eric Magnus - MagnusE@jacksonlewis.com
Chris Lauderdale - lauderdC@jacksonlewis.com
Don A. Smith - das.smcrh@mac.com
Matthew Horan  - mth.smcrh@mac.com


By: /s/ John T. Holleman
John T. Holleman