```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                        FORT SMITH DIVISION


ANA MELGAR, PHAYTHOUNE
PHENGSOUVANAVONG, and
RUBEN IRABURO, individually and
on behalf of all other similarly situated          PLAINTIFFS


        v.              CASE NO. 2:13-CV-2169-RTD


O.K. FOODS, INC. and
O.K. INDUSTRIES, INC.                              DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs Ana Melgar, Phaythoune Phengsouvanavong, and Ruben Iraburo's (collectively "Plaintiffs") Motion for Conditional Certification and Court-Authorized Notice (doc. 73) and supporting brief (doc. 74), Defendants O.K. Foods, Inc. and O.K. Industries, Inc.'s (collectively "Defendants") response (doc. 78) and Plaintiffs' reply (doc. 83).

Also before the Court are Defendants' Motion for Partial Summary Judgment on Plaintiffs' Meal Break Claims (doc. 75) and supporting documents (docs. 76-77), Plaintiffs' response (doc. 79) and supporting document (doc. 80), Defendants' reply (doc. 85), Plaintiffs' sur-reply (doc. 89) and Defendants' response (doc. 90).

For the reasons set forth below, Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (doc. 73) is **GRANTED,** and Defendants' Motion for Partial Summary Judgment on Plaintiffs' Meal Break Claims (doc. 75) is **DENIED.**

## I. Background

On May 30, 2013, Plaintiffs filed their Class Action Complaint in the Circuit Court of Sebastian County, Fort Smith District. The Complaint alleged Defendants failed to pay Plaintiffs for time spent donning and doffing protective gear, traveling to and from workstations, and time spent waiting for the production line to start.[1] Plaintiffs alleged three causes of action: (1) violations of the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq.*; (2) unjust enrichment; and (3) breach of implied contract.

On June 28, 2013, Defendants removed the matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"). (Docs. 1 & 4). On March 27, 2014, the Court denied Defendants' motion seeking

---

[1] Plaintiffs' Complaint describes the hourly production employees' routine as follows: "[e]ach day, OK's employees arrive at work and access the facility by swiping an employee identification card. Employees then travel to a supply room where they are issued other protective equipment, such as hairnet, gloves, apron, and smock. Some employees also must spend around ten minutes dipping their hands in a hot wax substance and wrapping their hands. After donning this protective equipment, the employees travel to their work station and wait for the production line to start. Once the line starts, the employees begin receiving pay. At the end of the day, the employees stop getting paid when the production line stops, even though they have to doff their protective gear before going home. Employees are also forced to take two unpaid breaks every day, but they spend the vast majority of that break time doffing their used protective equipment, waiting to receive a new set of equipment, and donning the new equipment before returning to the line." (Doc. 4 at 1-2).

to dismiss the breach of implied contract claim and also denied Plaintiffs' motion to remand the case to state court. (Doc. 33).

On April 24, 2014, with permission from the Court, Plaintiffs filed their First Amended Class-and-Collective Action Complaint (doc. 53). In the amended complaint, Plaintiffs added a collective action claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiffs now seek conditional certification of a collective action under the FLSA, and Defendants request summary judgment on Plaintiffs' AMWA and FLSA claims to the extent they seek recovery for donning-and-doffing-related time during Plaintiffs' unpaid meal periods.

**II. Plaintiffs' Motion for Conditional Class Certification and Court-Authorized Notice**

Plaintiffs seek conditional certification of a collective action with the following definition:

> All current and former hourly production employees of OK Foods, Inc. and OK Industries, Inc. who worked at any time (3 years from date of mailing) at the Fort Smith, Heavener, and Muldrow facilities and who were paid on a "line time" basis, and continuing thereafter through the date on which final judgment is entered in this action pursuant to 29 U.S.C. § 216(b).

Section 216(b) of the FLSA provides that any one or more employees may maintain an action to recover the liability prescribed in the section against any employer on "behalf of

himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The district courts have discretion, in appropriate cases, to facilitate notice to potential members of the class on whose behalf the collective action has been brought. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The prevailing approach among federal courts for determining what "similarly situated" means is the two-stage certification process described in *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). The Court must determine whether the named Plaintiffs, through their pleadings and affidavits, have demonstrated that they are "similarly situated" to the potential collective action members. *See* 29 U.S.C. § 216(b). Plaintiffs must show that they and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001). Further, the "similarly situated" determination requires only a modest factual showing; it does not require the plaintiff and the potential class members to show that they are identically situated. *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689-90 (W.D. Mo. 2007).

The Court is only concerned with the first or notice stage of the certification process at this point during the litigation, not the later opt-in merits stage. The more

stringent factual inquiry as to whether Plaintiffs are similarly situated is made only after a more substantial record has been amassed. *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008)(citation omitted). The second stage comes after discovery is largely completed and is usually prompted by the defendant's motion to decertify the class. *Frank v. Gold'n Plump Poultry, Inc.*, 2005 WL 2240336, at *3 (D. Minn. Sept. 14, 2005).

Plaintiffs contend all of OK Foods' hourly production employees who were paid on a "line time" compensation basis are similarly situated and should be invited to join this action. According to Plaintiffs, all hourly production employees are paid only for time spent on the production line and are required to don and doff certain equipment, including during their meal breaks.

Defendants contend certification of a collective action is inappropriate because OK Foods pays putative class members for eight (8) minutes per shift to compensate them for time spent donning and doffing protective items. Therefore, the Court would have to make individualized inquiries into the amount of time each employee spends donning and doffing above the eight (8) minutes. Further, Defendants contend Plaintiffs have not demonstrated that they are similarly situated to the putative class members.

According to Defendants there are "significant" differences in the types of sanitary and protective items employees are required to use, how often they are required to don and doff their respective equipment throughout a shift, and how much time it takes them to don and doff. Defendants also contend Plaintiffs cannot show a common decision, policy, or plan of Defendants that affected all putative class members in a similar fashion.

While Defendants have pointed to some factual differences in the protective gear worn by employees and the time needed to don and doff such gear, the potential class members need only be similarly, not identically, situated. *Kautsch* at 689-90. Simply identifying differences between the parties is not enough to defeat a motion for conditional certification at this notice stage. *Ford v. Townsends of Arkansas, Inc.,* 2010 WL 1433455 (E.D. Ark. Apr. 9, 2010) *citing Helmert v. Butterball*, 2009 WL 5066759, at *4 (E.D. Ark. Dec. 15, 2009).

The Court finds Plaintiffs have met their burden of showing they are similarly situated to the putative class members. Plaintiffs have shown that they all work in the same or similar plants and are subjected to common policies regarding donning and doffing protective gear, hygiene, and sanitation. Further, they are seeking redress for similar conduct by the same employer. Accordingly, Plaintiffs' Motion (doc. 73) is **GRANTED.**

The Court authorizes the sending of notice by mail to all putative class members and the translation of the notice and consents-to-join to Spanish, Laotian, and Vietnamese. Defendants are directed to distribute a copy of the notice with employee paychecks and to post a copy of the notice at their facilities in Fort Smith, Heavener, and Muldrow. The Court hereby directs Defendants to provide Plaintiffs' counsel with a complete, electronic list of putative class members, together with their current or last known address, phone number, and email address, within ten (10) days of this Order.

**III. Motion for Partial Summary Judgment**

Defendants move for summary judgment on Plaintiffs' claims for allegedly unpaid time spent donning and doffing protective gear and related time during their unpaid meal or break periods under both the AMWA and FLSA. Defendants contend they are entitled to judgment on these claims as Plaintiffs, rather than Defendants, are the predominant beneficiaries of the unpaid meal and break periods.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the district court of the basis for

its motion and identifying those materials, if any, that demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Assuming there has been adequate time for discovery, the court must enter summary judgment if the nonmovant then "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

After reviewing the pleadings and the evidence on file in the light most favorable to Plaintiffs, as required, the Court finds that there remain genuine issues of disputed material facts in connection with Plaintiffs' meal break claims which preclude summary judgment. At this premature stage, the Court cannot say as a matter of law that Plaintiffs' meal break claims are not compensable under the predominant benefit test or to what extent they may be compensable. However, the Court notes that whether Plaintiffs' meal breaks are bona fide meal breaks and therefore, non-compensable, will be a close issue for the jury.

Accordingly, Defendants' Motion for Partial Summary Judgment (doc. 75) is **DENIED** without prejudice to Defendants' right to renew the motion after the close of discovery.

**IV. Conclusion**

For the reasons set out above, Plaintiffs' Motion for Conditional Class Certification and Court-Authorized Notice (doc. 73) is **GRANTED,** and Defendants' Motion for Partial Summary Judgment (doc. 75) is **DENIED.**

IT IS SO ORDERED this 31st day of March, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge