IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANA MELGAR; PHAYTHOUNE
PHENGSOUVANAVONG; and RUBEN
IRABURO                                                                                              PLAINTIFFS

v.                                                  No. 2:13-CV-02169

OK FOODS; and OK INDUSTRIES, INC.                                                 DEFENDANTS

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 223) to approve their settlement agreement[1] and dismiss, filed pursuant to Federal Rule of Civil Procedure 41(a)(2).  Plaintiffs filed this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b).  Plaintiffs also asserted state law claims under the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-211, as well as for unjust enrichment and breach of implied contract.  Ultimately the collective action was decertified, leaving for resolution only the Plaintiffs' individual claims.  The Court denied (Doc. 222) an earlier motion to approve settlement and dismiss the case, and the instant motion was filed to address concerns raised by the Court.  The Court has reviewed the joint motion and proposed settlement agreement and will partially approve the settlement agreement and grant the motion to dismiss.

In determining whether a settlement is fair and reasonable under the FLSA, factors the court may consider include the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the

---

[1] The parties submitted their settlement agreement for in camera review.  The Court has filed the agreement—really three separate agreements, one with each Plaintiff—under seal on the docket.  (Doc. 224).

1

employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between the parties based on the merits of the case. *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D. D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

In denying the earlier motion, the Court noted that it lacked sufficient information to evaluate the basic aspects of the settlement agreement. In particular, there was insufficient information to determine whether the amounts agreed upon for wages due and liquidated damages are fair and equitable. The parties did not indicate the number of hours they agreed would be compensated, or how that number compared to the number of hours Plaintiffs believed were uncompensated. The parties did not set out any facts found through discovery that supported the claim for unpaid wages. The settlement agreements were written in English, but the Court was aware that two Plaintiffs required translators and it was unknown whether the agreements had been translated. There was insufficient information for approval of the requested attorneys' fees. Finally, the parties did not propose that a stipulated judgment be entered.[2]

The instant motion addresses most of these concerns. The parties represent that the amounts to be paid to each Plaintiff are significantly more than they could recover at trial in light of the Court's order (Doc. 219) limiting recovery to two years and excluding recovery for meal periods. Though they provide only minor details regarding how those amounts were determined, because the amounts are more than Plaintiffs could expect to recover in light of the Court's rulings,

---

[2] Though the renewed motion does not address the issue of stipulated judgment, exemplary briefing by parties in another case before the Court—*Trogdon v. Kleenco Maintenance & Construction, Inc.*, No. 5:14-CV-05057, Doc. 101, pp. 17–19 (W.D. Ark. Dec. 23, 2016)—provided authority clarifying that the requirement of a stipulated judgment may be satisfied by an unopposed filing that allows the Court to take an active role in approving the settlement agreement between the parties, and the instant joint motion to dismiss is sufficient under that precedent.

2

the Court is satisfied that Plaintiffs are receiving fair compensation in settlement of the bona fide dispute over uncompensated hours worked. The parties further represent that the amounts of the total recovery to be paid to each Plaintiff are calculated on a pro rata basis, so disparities in settlement amounts do not give rise to any concern that any Plaintiff is recovering at the expense of the others. The settlement agreements were reviewed with each individual Plaintiff, and any necessary translation was provided by Plaintiffs' family members.

Though the parties do not provide any additional details concerning discovery in this case, the Court is aware that the discovery exchanged was substantial and included depositions and document production. The Court is satisfied that settlement negotiations were informed by the facts that would likely be determined had this matter proceeded to trial, and that the settlement agreement was negotiated at arms-length. These terms of the agreement are fair and reasonable, and will be approved.

The settlement agreement also includes a provision for attorneys' fees. As the Court noted in its prior order, the amount of fees sought here is approximately 11.5 times greater than the amount to be paid to Plaintiffs. If this provision for fees is not approved, by the terms of the agreement this will not affect or delay the finality of the settlement. The provision for attorneys' fees is severable from the rest of the settlement agreement, and concedes that the Court may require Plaintiffs to separately file a petition for attorneys' fees, costs, and expenses. The Court will require this. The instant motion does little more than the previous motion to assist the Court in evaluating whether the requested fees are reasonable, beyond stating that Plaintiffs' counsel recorded over 3,000 hours of work on this case. Furthermore, there is minimal information provided to justify the claimed costs of approximately $89,000 paid out of pocket by Plaintiffs' counsel. Finally, it is not clear that the recovery by the named Plaintiffs justifies a large fee award

3

to Plaintiffs' counsel. While the individual Plaintiffs will recover more under the settlement than they could expect at trial, for much of this case the fees and costs were incurred on behalf of numerous Plaintiffs in a collective action. The Court ultimately decertified that collective action, and the motion provides little argument for why counsel should receive a fee for work done on behalf of persons other than Plaintiffs. The Court is aware of an Arkansas state court class action involving Plaintiffs' counsel and OK Foods, Inc.[3] Should that case result in settlement or a verdict for the plaintiffs, the Court has some concern that Plaintiffs' counsel might obtain a double recovery there for work performed in this action for which they now seek compensation. As in its prior order, the Court is not concluding that the requested fees are unreasonable, but only that there is insufficient basis to award them. The settlement agreement will be approved except with respect to the payment of attorneys' fees and costs. Plaintiffs must file a properly-supported motion if they wish to recover fees and costs.

　　　　IT IS THEREFORE ORDERED that the proposed settlement agreements submitted for in camera review (Doc. 224) are approved in all respects except for the provisions related to attorneys' fees and costs.

　　　　IT IS FURTHER ORDERED that the joint motion to dismiss (Doc. 223) is GRANTED, and this case is DISMISSED WITH PREJUDICE. The Court retains jurisdiction to consider any petition for an award of fees and costs.

　　　　Judgment will be entered separately.

---

[3] On removal to this Court, that case was styled as *Cato v. OK Foods, Inc.*, No. 2:16-CV-02202 (W.D. Ark.). The Court ultimately remanded the action, which seeks class recovery for alleged Arkansas Minimum Wage Act violations by OK Foods that involves parties who opted in to this action or who would have been members of the Rule 23 class proposed earlier in this case.

IT IS SO ORDERED this 27th day of February, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE