IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANA MELGAR; PHAYTHOUNE
PHENGSOUVANAVONG; and RUBEN
IRABURO                                                                                           PLAINTIFFS

v.                                          No. 2:13-CV-02169

OK FOODS; and OK INDUSTRIES, INC.                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion (Doc. 227) for attorneys' fees and costs and brief in support (Doc. 228). Defendants have communicated to the Court that they do not intend to file a response. For the reasons set forth herein, the Court will grant the motion in part, and will award Plaintiffs attorneys' fees and costs in the amount of $22,500.

A settlement agreement (Doc. 224) entered into by the parties included a provision for the payment of attorneys' fees and costs in the amount of $87,500. By its terms, that provision was severable from the remainder of the settlement agreement. When the parties sought approval of their settlement agreement, they failed to provide the Court with sufficient information for the Court to evaluate whether the proposed attorneys' fees and costs were reasonable. As a result, the Court approved the rest of the settlement agreement but required Plaintiffs to separately file a motion for attorneys' fees and costs. (Doc. 225).

It is mandatory for the Court to award reasonable attorneys' fees and costs to a prevailing plaintiff under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 16(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties

1

by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Gilbert v. Monsanto Co.*, 216 F.3d 695, 702 (8th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). When a defendant pays an FLSA plaintiff for wages owed, and the plaintiff's lawsuit was the catalyst for that compliance, the plaintiff has prevailed. *St. Louis Fire Fighter's Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis*, 96 F.3d 323, 331 (8th Cir. 1996). Here, Defendants paid Plaintiffs a settlement amount in excess of the amount Plaintiffs possibly could have recovered in back wages and liquidated damages, and therefore Plaintiffs have prevailed. However, the Court granted partial summary judgment for Defendants, limiting the degree of Plaintiffs' ultimate success. Plaintiffs are entitled to reasonable fees and costs that reflect that success.

A fee is reasonable if it would entice a capable attorney to take a meritorious case but would not provide that attorney with a windfall. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The "lodestar" method is the preferred means of determining whether a fee award fits this description. *Id.* A lodestar analysis is not mandatory, however, and where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." *Id.*

The degree of success obtained in this case is not sufficient to justify Plaintiffs' requested fee. The case was filed as a collective action and a class action. Plaintiffs moved to certify only

a collective action, however. Following conditional certification, over 1,000 employees opted in.[1] The matter was stayed pending the Supreme Court's decision in *Tyson Foods, Inc. v. Bouaphakeo*, --U.S--, 136 S.Ct. 1036 (2016). That decision would have allowed Plaintiffs to use expert witnesses to provide representative evidence based upon statistical surveys. Plaintiffs never retained an expert for that purpose, however, and instead intended to rely upon anecdotal evidence to prove their claims. In the order decertifying the collective action, the Court explained why this was inadequate. (Doc. 205). Following decertification, the Court rejected Plaintiffs' improperly-raised bookend claims and granted partial summary judgment for Defendants. Rather than go to trial on the remaining issues, the parties moved for approval of a settlement agreement. Unable to adequately evaluate the proposed settlement for fairness, the Court denied that motion without prejudice. The parties submitted a second motion addressing the Court's concerns, and the Court ultimately approved the settlement, with the exception of the fees provision.

The settlement obtained for the three Plaintiffs an amount greater than the amount of damages they could have recovered at trial. The amount of attorneys' fees and costs the Court is approving recognizes the success relative to each Plaintiff's individual claims and the amount of costs reasonably expended on those claims. It also recognizes the limits of Plaintiffs' success, as Plaintiffs very clearly did not succeed on issues central to the litigation as a whole. While Plaintiffs' counsel vindicated important rights in achieving a partial success for these three Plaintiffs, Plaintiffs' counsel achieved no success for 1,134 more.

IT IS THEREFORE ORDERED that Plaintiffs' motion for attorneys' fees and costs (Doc.

---

[1] The Court counted the number of opt-in forms filed (Docs. 35–41, 44, 47–51, 55–58, 61–63, 65–68, 72, 82, 84, 86, 93, 97, 99–109, 111–113, 115–157) and believes the number of employees who opted in to this action totals 1,137.

227) is GRANTED IN PART, insofar as Plaintiffs are awarded attorneys' fees and costs in the total amount of $22,500.00.

    IT IS SO ORDERED this 20th day of July, 2017.

                                          /s/ P. K. Holmes, III
                                          P.K. HOLMES, III
                                          CHIEF U.S. DISTRICT JUDGE